UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DEAN BREWER, aka MICHAEL GREEN, <br><br> Petitioner, <br><br> v. <br><br> MARCUS POLLARD, <br><br> Respondent. | Case No. 20-cv-03975-WHO (PR) <br><br> **ORDER OF DISMISSAL** <br><br> Dkt. No. 2 |

## INTRODUCTION

Petitioner Kevin Dean Brewer, aka Michael Green, has filed another petition challenging the same state convictions he challenged in three prior (and now closed) habeas actions he filed in this district, *Green v. Knipp*, No. 12-01689 WHO, *Brewer v. Perez*, No. 15-02456 WHO, and *Green v. Covello*, 19-00176 WHO. The instant petition will be dismissed as second or successive to the prior petitions.

## BACKGROUND

Petitioner's first habeas petition was denied on the merits. (*Green*, No. 12-1689, Docket No. 43.) He appealed, but his appeal was terminated by the Ninth Circuit because it was not timely filed. (*Id.*, Dkt. Nos. 45, 47 and 50.)

His second habeas action was dismissed as second or successive. (*Brewer*, No. 15-02456, Dkt. No. 4.) He, but the Ninth Circuit terminated his appeal when it denied his request for a certificate of appealability. (*Id.*, Dkt No. 9.)

His third habeas action was dismissed as second or successive. (*Green*, No. 19-00176 WHO.) He appealed, but the Ninth Circuit terminated his appeal when it denied his

1  request for a certificate of appealability.  (*Green v. Covello*, Ninth Circuit Case No. 19-
2  15204, Dkt. No. 2.)
3  These three prior petitions and the current petition are challenges to petitioner's
4  2009 state court convictions for the sexual abuse and sexual assault of a child, for which he
5  received a sentence of 61 years to life.[1]

## DISCUSSION

The instant petition is barred by the rule against filing a second or successive petition.  As noted, petitioner has filed at least one previous petition regarding the same convictions at issue in the instant petition.  In order to file a second or successive petition, petitioner must obtain an order from the Court of Appeals authorizing the district court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  Because petitioner has not shown that he has received such authorization, the instant petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals. Accordingly, the petition is DISMISSED.

## CONCLUSION

The instant petition is DISMISSED as second or successive, the filing of which has not been authorized by the Court of Appeals.

Petitioner's application to proceed *in forma pauperis* (IFP) is DENIED as insufficient.  (Dkt. No. 2.)  It lacks the proper application form itself, a certificate of funds, and a prison trust account statement showing transactions for the last six months.  If petitioner files the proper documents, the Court will reconsider his IFP application.

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] *People v. Brewer*, 192 Cal. App. 4th 457 (Cal. Ct. App. Feb. 1, 2011).

1  The Clerk shall amend the docket to reflect that Marcus Pollard, the warden of the prison in which petitioner is housed, is the sole respondent in this action. Petitioner named the warden (by title only) as well as the "Attorney General of Alameda County" and the "Deputy District Attorney." Pollard, the Warden of the R.J. Donovan Correctional Facility, is the sole proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)). The Clerk shall enter Pollard as respondent and terminate the others.

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** August 10, 2020

_____
WILLIAM H. ORRICK
United States District Judge